UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN SCHRA,

        Plaintiff,                    Civil Case No. 13-13650
                                            Honorable Linda V. Parker

v.

METROPOLITAN LIFE
INSURANCE COMPANY,

        Defendant.
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
JUDGMENT REVERSING THE ADMINISTRATOR'S DECISION (ECF NO.
13) AND GRANTING DEFENDANT'S MOTION TO UPHOLD THE
ADMINISTRATIVE DECISION (ECF NO. 14)</u>**

This is an ERISA case. The parties filed dueling motions: Plaintiff Megan Schra ("Plaintiff") filed a Motion for Judgment Reversing the Administrator's Decision. (Pl.'s Mot., ECF No. 13 at Pg. ID 566.) Defendant Metropolitan Life Insurance Company ("Defendant") filed a Motion to Uphold the Administrative Decision. (Def.'s Mot., ECF No. 14 at Pg. ID 575.) For reasons that follow, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

**I.**

Plaintiff applied for short term disability ("STD") benefits under the STD plan with Defendant. (Pl.'s Mot., ECF No. 13 at Pg. ID 572.) Defendant notified Plaintiff on March 1, 2011, via letter, that Plaintiff was approved for STD benefits from

1

February 14, 2011 – March 6, 2011. (AR 306.) On March 15, 2011, Defendant extended Plaintiff's benefits through March 20, 2011. (AR 295.) Subsequently, Defendant notified Plaintiff, via letter, that it had extended Plaintiff's STD benefits through April 17, 2011. (AR 277.)  On April 29, 2011, Defendant notified Plaintiff that her claim for STD benefits had been withdrawn effective April 18, 2011, and that Plaintiff was entitled to appeal Defendant's decision to withdraw her claim. (AR 244.) On May 31, 2011, Defendant notified Plaintiff that Defendant was in receipt of additional information Plaintiff had submitted in furtherance of her appeal of Defendant's determination to terminate her claim for STD claim benefits. (AR 236.) On August 5, 2011, Defendant notified Plaintiff via letter that the determination to terminate Plaintiff's claim for benefits beyond April 17, 2011 was upheld upon appeal review, that Plaintiff had exhausted her administrative remedies under the plan, and that no further appeals would be considered by Defendant. (AR 131.)

## II.

Subsequently, Plaintiff filed its Motion for Judgment Reversing the Administrator's Decision, seeking "to recover long-term disability benefits pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA)." (Pl.'s Mot., ECF No. 13 at Pg. ID 568–69.) In her motion, Plaintiff asserts: (1) she was granted short-term disability benefits from February 14, 2011 – April 17, 2011; (2) Defendant informed her that if her disability were extended through May 16, 2011, it would automatically initiate long-term disability for her; (3) that her

diagnoses did not change thereafter; and (4) that therefore, Defendant's decision to deny LTD benefits was arbitrary and capricious. (Id. at Pg. ID 572–73.)

Thereafter, Defendant filed a Motion to Uphold the Administrative Decision. Defendant in its motion asserts that Plaintiff cannot maintain its claim for LTD benefits because Plaintiff never filed a claim for such benefits, and because Plaintiff failed to exhaust administrative remedies available had such claim for LTD benefits been denied. (Def.'s Mot., ECF No. 14 at Pg. ID 607.)

In response to Defendant's motion, Plaintiff once again asserts that she was granted STD benefits from February 14, 2011 – April 17, 2011, that Defendant advised that if her disability were extended through May 16, 2011, it would automatically initiate long-term disability for her, and that to date her disability has not improved and she remains in the condition that was approved for STD benefits. (Pl.'s Resp. Br., ECF No. 15 at Pg. ID 726.)

Defendant, in its reply brief, asserts that it never made any determination regarding Plaintiff's eligibility under the LTD plan. (Def.'s Reply Br., ECF No. 16 at Pg. ID 734.) Defendant concedes that it advised Plaintiff that if her disability extended beyond May 16, 2011, a claim for LTD benefits would be initiated on her behalf; however, Defendant asserts that it advised Plaintiff on August 5, 2011 that its determination that no STD benefits were payable beyond April 17, 2011 under the STD Plan was upheld. (*Id.* at Pg. ID 733–34.)

**III.**

3

A motion hearing was held on November 5, 2014, at which Plaintiff informed the Court that she wanted to revise her request for benefits under ERISA. (Mot. Hr'g Tr. 5, Nov. 5, 2006.) Plaintiff requested that the Court allow her to amend the complaint to seek entitlement to STD benefits rather than LTD benefits under ERISA. (Hr'g Tr. 6.) Specifically, Plaintiff stated:

> Your Honor, I would first like to address an issue concerning whether we should be even talking about long-term disability benefits. In this case, I only asked for long-term. So what I would like to do today, just to get the record clear, is let's treat everything today as if I'm seeking short-term disability benefits because she did exhaust her administrative remedy and – and the arguments that [Defendant] would make would be the same today whether it was long – or short-term as to whether the denial of benefits was arbitrary and capricious…And I'm essentially, what I'm doing today is I'm making an oral Motion to Amend my complaint.

(Hr'g Tr. 5–6.) Defendant, in response to Plaintiff's request, asserted that its STD plan is a payroll practice plan, not governed under ERISA, and thus the Court lacks subject matter jurisdiction over the matter, and that the Court should therefore deny Plaintiff's request to amend his complaint. (Hr'g Tr. 12–13.) The Court requested that Defendant submit a post hearing brief by November 12, 2014, providing the Court with evidence supporting Defendant's assertion that the STD plan is a payroll practice plan, and that the plan is not governed under ERISA. Defendant's response to the brief was due November 19, 2014.

## IV.

Where a motion to dismiss has been served and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Although the "court should freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2), leave to amend may be denied for, among other things, futility of the amendments. *Ayers v. Flagstar Bank*, No. 10-12857, 2011 WL 308087, at *2 (E.D. Mich. Jan. 28, 2011). "[T]he Court is not required to allow amendments that assert obviously frivolous claims or claims that could not withstand a motion to dismiss." *Friske v. Scutt*, No. 07-13747, 2008 WL 4857963, at *1 (E.D. Mich. Nov. 6, 2008) aff'd, No. 07-CV-13747-DT, 2008 WL 5211613 (E.D. Mich. Dec. 11, 2008).

## V.

Having examined the post hearing briefs, in addition to the record, it is readily apparent to the Court that the STD plan is not an ERISA plan; rather, the STD plan is a payroll practice plan. Thus, amending Plaintiff's complaint would be futile, and accordingly, Plaintiff's motion to amend her complaint should be denied.

"ERISA provides an eligible employee the right to bring a cause of action against a plan administrator, but only for violating a plan governed by that statute." *Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 479 (6th Cir. 2007) (citing 29 U.S.C. § 1132(a)(1)(B)). ERISA defines the terms "employee welfare benefit plan" and "welfare plan" as:

5

> any plan, fund, or program which has heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... benefits in the event of sickness, accident, disability, death or unemployment…

29 U.S.C. § 1002(1). However, the Secretary of Labor has issued regulations *excluding* certain "payroll practices" from the above definition:

> [T]he terms "employee welfare benefit plan" and "welfare plan" shall not include-Payment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons (such as pregnancy, a physical examination or psychiatric treatment).

29 C.F.R. § 2510.3–1(b)(2)). Said practices are *not regulated* by ERISA. *Langley*, 502 F.3d at 479 (citing *Abella v. W.A. Foote Mem'l Hosp.*, 740 F.2d 4, 5 (6th Cir.1984)).

> The district court decision upheld in *Langley* determined:
>
> It is undisputed in this case that the plan at issue, DaimlerChrysler's "Disability Absence Plan," ("DAP") pays totally disabled employees their full pay for approximately nine months, and seventy percent of their pay for approximately three more months. It is likewise undisputed that payments under the DAP are made from the company's general fund. The DAP therefore meets the definition of a "payroll practice" excluded by regulation from ERISA's coverage.

*Langley v. DaimlerChrysler Corp.*, 407 F. Supp. 2d 897, 912 (N.D. Ohio 2005) *aff'd*, 502 F.3d 475 (6th Cir. 2007).

Similarly to the district court decision upheld in *Langley*, in the case at hand, under the STD plan, normal compensation is paid to an employee as a result of a

6

disability and from the employer's general assets. Salaried employees are paid their full pay for the first 26 weeks of disability, and all benefit amounts are paid from the employer's general assets. (AR 11, 27.) Thus, the STD plan meets the definition of a payroll practice excluded from ERISA's coverage. The existence of an ERISA plan must be considered a substantive element of a plaintiff's claim under 29 U.S.C. § 1132(a)(1)(B). *Russell v. Catholic Healthcare Partners Employee Long Term Disability Plan*, 577 F. App'x 390, 392 (6th Cir. 2014). Defendant's LTD plan meets the definition of a payroll practice excluded by regulation from ERISA's coverage. Thus, allowing Plaintiff to amend the complaint to seek entitlement to STD benefits under ERISA, rather than entitlement to LTD benefits, would be futile. Accordingly, the request to amend is denied.

## VI.

In Plaintiff's response to Defendant's post-hearing brief, Plaintiff does not respond to Plaintiff's contention that the STD plan is a payroll practice plan not governed by ERISA. Instead, Plaintiff raises a new argument, specifically that an application for LTD benefits would have been futile, and that, in accordance with *Dozier v. Sun Life Assurance Co. of Canada*, 466 F.3d 532 (6th Cir. 2006), the Court should excuse Plaintiff's failure to exhaust the administrative review process prior to bringing the instant action. (Pl.'s Post Hr'g Resp. Br., ECF No. 22 at Pg. ID 810.) The

issue of futility is waived, given that Plaintiff did not raise this new argument until his post-hearing responsive brief. The Court at the motion hearing, and also in its November 15, 2014 order, limited the post-hearing briefs to solely addressing Defendant's assertion that the STD benefits plan is a payroll practice plan, and that the plan is not governed under ERISA. (Hr'g Tr. 31–32.) The Court therefore, will not address Plaintiff's newly raised argument on futility.

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's motion to amend its complaint; **DENIES** Plaintiff's Motion for Judgment Reversing the Administrator's Decision; and **GRANTS** Defendant's Motion to Uphold the Administrative Decision.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 26, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 26, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager